# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | Case No. 09 C 7452 |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | |
| PASZKO MASONRY, INC., CHICAGO ) | |
| MASONRY CONSTRUCTION, INC., ) | |
| PRINCE CONTRACTORS, INC., ) | |
| 4929 FOREST, LLC, and ROBERT ) | |
| RYBALTOWSKI, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Atlantic Casualty Insurance Company sued four construction companies—Paszko Masonry, Inc.; Chicago Masonry Construction, Inc.; Prince Contractors, Inc.; and 4929 Forest, LLC—seeking a declaratory judgment that it had no duty to defend or indemnify the companies in connection with a personal injury action filed by Robert Rybaltowski in state court. This court granted Atlantic's motion for summary judgment, and three of the defendant companies (Chicago Masonry, Prince, and Forest) appealed. On appeal, the Seventh Circuit reversed this court's judgment as to the three appellants, but did not address the judgment as to Paszko, as Paszko had not appealed.

Chicago Masonry now moves to vacate the judgment that this court entered against Paszko. Because the reasoning of the Seventh Circuit's decision applies equally to that judgment, the court grants Chicago Masonry's motion and vacates the judgment against Paszko pursuant to Federal Rule of Civil Procedure 60(b)(6).

# I. BACKGROUND

Robert Rybaltowski suffered a traumatic brain injury on a construction site when a piece of masonry equipment fell and struck him on the head. Paszko employees were operating the crane that was hoisting the masonry equipment when it fell. Rybaltowski brought a negligence action against Paszko in state court. He also sued three other companies working at the construction site that day (Chicago Masonry, Prince, and Forest), alleging that they were negligent in failing to require Paszko to secure the area where it was lifting the equipment.

Paszko had a liability insurance policy with Atlantic. The policy provided that Atlantic would indemnify and defend "insureds" against any lawsuit seeking damages for bodily injury. Although Atlantic issued the policy only to Paszko, the three other defendant companies requested that Atlantic defend them as well, claiming that they too qualified as "insureds" under the terms of the policy. Atlantic refused on the ground that the three companies did not qualify as "insureds" and that, in any event, Atlantic was not responsible for coverage to anyone because Rybaltowski was a contractor and therefore fell under an exclusion in the policy for injuries to contractors. Atlantic then filed suit in this court, seeking a declaratory judgment that:

> Chicago Masonry, Prince and/or Forest are not named insureds, additional insureds, and do not otherwise qualify as insureds under the Atlantic Policy . . . [;]
>
> [The] Atlantic policy precludes any coverage for any bodily injury to any contractor and/or employee, including Robert Rybaltowski, for which any entity, including Paszko, Chicago Masonry, Prince and/or Forest[] may become liable in any capacity; [and]
>
> Atlantic has no duty to defend or indemnify Paszko, Chicago Masonry, Prince, and/or Forest under the Atlantic Policy . . . .

(Am. Compl. ¶¶ B, D, G, ECF No. 9.)

Paszko never appeared in this case, and the court entered an order of default against it. The remaining parties filed cross-motions for summary judgment on the issue of whether Rybaltowski was a "contractor" and thus fell under the policy's exclusion for coverage. The

court granted Atlantic's motion and entered judgment in favor of Atlantic and against all five defendants. Three of the five defendants (Chicago Masonry, Prince, and Forest) appealed.

On appeal, the Seventh Circuit reversed, finding that the policy was sufficiently ambiguous to warrant interpreting the policy in favor of the insured. The Seventh Circuit remanded the case to this court to determine whether the defendants qualified as "insureds" under the policy. Before briefing that issue, the parties attempted to negotiate a settlement, but those negotiations broke down when Atlantic took the position that the judgment that this court had entered against Paszko remained intact notwithstanding the Seventh Circuit's ruling. Chicago Masonry then moved to vacate the judgment that was entered against Paszko. Prince, Forest, and Rybaltowski have joined in the motion.

## II. ANALYSIS

### A. Standing

Before turning to the merits, the court must satisfy itself that Chicago Masonry has standing to seek relief from a judgment that was not entered against it but rather against one of its nonappealing codefendants. Chicago Masonry moves for relief under Federal Rule of Civil Procedure 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . ." Fed. R. Civ. P. 60(b). Chicago Masonry is, of course, a "party" in one sense—it is a party to the lawsuit. But it is not a party to the judgment that is at issue, and it would not be unreasonable to read Rule 60(b) as allowing only a party to a judgment to seek relief from that judgment.

Nevertheless, several courts have allowed even nonparties to seek relief under Rule 60(b) where their interests were "directly or strongly affected by the judgment." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013) (citing *Grace v. Bank Leumi Trust Co.*, 443 F.3d

3

180, 188-89 (2d Cir. 2006); *Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1994); and *Binker v. Pennsylvania*, 977 F.2d 738, 745 (3d Cir. 1992)). These courts have recognized that "the principles governing standing to invoke Rule 60 are sufficiently flexible to permit a finding of standing" where the nonparties are "sufficiently connected and identified with the . . . suit." *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1051 (2d Cir. 1982) (noting that Rule 60 was "not designed to restrict relief" (internal quotation marks omitted)).

Here, Chicago Masonry's rights are "directly and strongly affected" by the Paszko judgment. Chicago Masonry has filed a counterclaim against Paszko in the underlying tort action for breach of contract and contribution, and it maintains that Atlantic has a duty to indemnify Paszko for any damages Paszko may owe Chicago Masonry as a result of those counterclaims. If Chicago Masonry is correct, then whether the judgment against Paszko remains intact matters, as that judgment declares that Atlantic has no such duty. Indeed, Atlantic admits that "it was directly and contrary to the interests of [Chicago Masonry] for Paszko to have no indemnity coverage for [its] claims . . . ." (Pl.'s Surreply 4, ECF No. 118-1.) Because the validity of the judgment against Paszko could determine whether Chicago Masonry can vindicate its rights against Paszko in the underlying tort action, its interests are sufficiently affected by the Paszko judgment to allow Chicago Masonry to seek relief from that judgment.

The court thus proceeds to the merits of Chicago Masonry's motion.

**B. Rule 60(b)(5)**

Chicago Masonry seeks relief under Rule 60(b)(5). As relevant here, that rule provides that the court may relieve a party from a judgment that is "based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5).

Rule 60(b)(5) "has had very little application." *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (internal quotation marks omitted). The ground is "limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2863 (2d ed. 1995); *see also In re Davis*, 150 B.R. 633, 639-40 (Bankr. W.D. Pa. 1993) ("Rule 60(b)(5) is limited to cases in which the judgment or order which one seeks to have vacated or set aside is 'based on' a prior judgment or determination having *res judicata* or *collateral estoppel* effect. *Res judicata* and *collateral estoppel* apply where a decision or finding *in one case* determines the decision or an issue in a *different case*. They do not apply to decisions in the same case." (internal citations omitted)).

In *Lowry*, the plaintiff sought relief from a judgment dismissing his negligence claim against an insurance agent for failing to procure coverage for wind damage. 690 F.3d at 384. The dismissal was based on the court's summary judgment determination that the policy covered wind damage, eliminating the basis for the plaintiff's negligence claim against his insurance agent. *Id*. The district court entered the judgment of dismissal and the summary judgment simultaneously, so one was not "earlier" than the other in a temporal sense. *Id.* at 387. Nevertheless, the district court granted relief under Rule 60(b)(5). *Id.* at 384. The insurance agent appealed, arguing that Rule 60(b)(5)'s requirement that the judgment be based on an "earlier" judgment precluded relief where the two judgments were entered simultaneously.

In interpreting Rule 60(b)(5), the Fifth Circuit found that "'[a] decision is based on a prior judgment when it is a necessary element of the decision, giving rise, for example, to the

cause of action or a successful defense.'" *Id.* at 386 (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 286 F.3d 798, 800 (5th Cir. 2002)). Because the summary judgment "logically preceded" the judgment of dismissal of the negligence claim, the Fifth Circuit affirmed the district court's order vacating the judgment of dismissal. *Id.* at 387.

Here, no such logical relationship exists between the Paszko and Chicago Masonry judgments. The Chicago Masonry judgment is not "earlier" than the Paszko judgment, in either a temporal *or* a logical sense. Both judgments relied on the same reasoning this court stated in its memorandum opinion granting Atlantic's motion for summary judgment. There is no sense in which the Paszko judgment is "based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). Chicago Masonry notes that the Paszko judgment is "based on a finding that . . . [was] indirectly reversed" (Def.'s Mem. in Support of Mot. to Vacate J. 4, ECF No. 109-1), but Rule 60(b)(5) speaks in terms of earlier *judgments*, not findings. The language of Rule 60(b)(5) cannot support the interpretation of the rule that Chicago Masonry urges this court to adopt.

### C. Rule 60(b)(6)

Rule 60(b)(6), provides that the court may relieve a party from a judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although Chicago Masonry may not seek relief from judgment under Rule 60(b)(5), the court agrees with Chicago Masonry that there are strong equitable reasons why the judgment against Paszko should be vacated. The court may consider these reasons in granting relief under Rule 60(b)(6).

First, where a reversal "wipes out all basis for recovery against a nonappealing, as well as against an appealing, defendant," courts have invoked Rule 60(b) to vacate the judgment against the nonappealing defendant. *See Bank of China, N.Y. Branch v. NBM L.L.C.*, No. 01 CIV. 0815

6

(DC), 2004 WL 1907308, at *4 (S.D.N.Y. Aug. 26, 2004) (quoting *Hegger v. Green*, 646 F.2d 22, 30 (2d Cir. 1981)), *aff'd in part sub nom. Bank of China, N.Y. Branch v. Bank of China, Hong Kong Branch*, 243 F. App'x 652 (2d Cir. 2007). In *Bank of China*, the district court entered judgment in favor of the plaintiff after the jury returned a verdict in the plaintiff's favor. *Id.* at *1. Some defendants—but not all—appealed. *Id.* The Second Circuit reversed, finding that the district court erred in its instructions to the jury. *Id.* On remand, the nonappealing defendants moved for relief from judgment under Rule 60(b). *Id.* The district court found that the nonappealing parties were entitled to relief from judgment, as "[u]nder the circuit's ruling, the instruction was erroneous for all defendants and not just for the appealing defendants." *Id.* at *4.

Similarly here, under the Seventh Circuit's ruling, this court's finding that the policy excluded coverage for Rybaltowski's injuries was erroneous. That finding was the entire basis for the judgment against Paszko. Thus, as in *Bank of China*, the appellate court's reversal "wipes out all basis" for the Paszko judgment. While this is not a proper ground for relief under Rule 60(b)(5), it is a reason justifying relief under Rule 60(b)(6).

Second, allowing the Paszko judgment to stand would effectively preclude Chicago Masonry from vindicating its rights against Paszko in the underlying tort action. As discussed above, Chicago Masonry has asserted counterclaims against Paszko for contribution and breach of contract. It maintains that Atlantic must indemnify Paszko for damages it may owe on those claims under the Atlantic policy. While the court expresses no view as to whether Chicago Masonry's interpretation of the policy is correct, Atlantic's refusal to treat the Paszko judgment as vacated has thwarted the parties' attempts at settlement. It would be inequitable for Atlantic to benefit from the Paszko judgment in settlement negotiations with Chicago Masonry when

7

there is no sound legal basis for the judgment. The judgment remains intact only because Paszko neglected to appeal.

Third, relief under Rule 60(b)(6) is necessary to avoid potentially inconsistent judgments. The Seventh Circuit has held that this is a proper ground for relief under Rule 60(b)(6). *See Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 419-20 (7th Cir. 2008). The risk of inconsistent judgments is especially prevalent in insurance disputes involving multiple parties, so courts generally decline to enter judgment as to one party until the case is completely resolved. *See State Farm Fire & Cas. Co. v. Nokes,* No. 08 C 312, 2010 WL 679057, at *3 (N.D. Ind. Feb. 23, 2010) (denying motion for default judgment to avoid logically inconsistent adjudications, "an outcome viewed by the courts as a valid justification to deny default judgment").

Here, the judgment entered in favor of Atlantic and against Paszko declares that Chicago Masonry, Prince, and Forest are not insureds under the Atlantic policy; that the policy precludes coverage for any bodily injury to Rybaltowski; and that Atlantic has no duty to defend or indemnify Paszko, Chicago Masonry, Prince, or Forest, under the policy. If the defendants were to prevail on the merits, they would be entitled to a judgment declaring that they *are* insureds under the Atlantic policy; that the policy *entitles* them to coverage; and that Atlantic *has* a duty to defend and indemnify. Such a judgment would be inconsistent with the judgment entered against Paszko.

The court finds that these reasons—the lack of a principled legal basis for the Paszko judgment, the significant prejudice to Chicago Masonry resulting from that judgment, and the risk of inconsistent judgments should the defendants prevail—are sufficient to justify vacating the judgment against Paszko.

Atlantic does not dispute that the reasoning of the Seventh Circuit's decision applies equally to the Paszko judgment, or that Chicago Masonry has been prejudiced by that judgment. The only argument that Atlantic raises in opposition to the motion is that Chicago Masonry should have sought relief from the Paszko judgment on appeal. It is true that, as a general matter, a reversal on appeal does not inure to the benefit of those who did not join in the appeal, *see Ackermann v. United States,* 340 U.S. 193, 198 (1950), and that a Rule 60(b) motion may not be used as a substitute for a timely appeal, *see Lowry*, 690 F.3d at 387. Thus, if Paszko were the party moving to vacate the judgment, the court would be disinclined to grant the motion, as Paszko knew that its rights were affected by the judgment yet simply failed to appeal.

But here, the party seeking relief from judgment—Chicago Masonry—*did* timely appeal from the judgment that was entered against it. The general rule that a nonappealing party may not benefit from a reversal does not bar Chicago Masonry from seeking relief from the judgment that was entered against Paszko. Even if Chicago Masonry had standing to appeal from that judgment, its failure to do so is excusable, as it would not have become apparent that its rights were affected by the Paszko judgment until after the Seventh Circuit issued its decision, when Atlantic took the position in settlement negotiations that it had no duty to indemnify Paszko. Thus, Atlantic's argument that Chicago Masonry cannot seek relief now is unavailing.

### III. Conclusion

For the foregoing reasons, Chicago Masonry's motion to vacate judgment is granted. The parties are to appear for a status hearing on May 30, 2014, to discuss where discovery stands on the issue of whether Chicago Masonry, Prince, or Forest qualify as insureds under the Atlantic policy.

ENTER:

      /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 8, 2014